IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WARREN K. RODGERS | § | |
| v. | § | CIVIL ACTION NO. 6:15cv674 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Warren Rodgers, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Rodgers was convicted of murder on March 25, 2003, receiving a sentence of life in prison. He took a direct appeal and his conviction was affirmed by the Sixth Judicial District Court of Appeals. Discretionary review was denied by the Texas Court of Criminal Appeals on May 3, 2006. <u>Rodgers v. State</u>, 162 S.W.3d 698 (Tex.App.-Texarkana 2005), *pet. ref'd* 205 S.W.3d 525 (Tex.Crim.App. 2006). Rodgers filed his state habeas corpus application almost nine years later, on March 17, 2015, and this application was denied without written order on May 20, 2015.

In his federal habeas corpus petition, Rodgers claims that: (1) the Wood County Sheriff's Department did not conduct a proper investigation and relied on false testimony; (2) he received ineffective assistance of counsel; (3) the trial court erred by allowing an unqualified expert to offer testimony linking Rodgers to the crime scene; (4) the evidence was insufficient to support a finding

of guilt; (5) the tire tracks at the scene of the crime did not match the tires on his car; and (6) he requested DNA testing in state court but was denied.

The magistrate judge directed Rodgers to show cause why his petition should not be dismissed as barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). Rodgers asserted in response that his petition should not be dismissed because he has raised several constitutional claims, the state habeas court failed to make findings of fact, he did not know about the statute of limitations, he thought his legal channels were finished when his conviction was affirmed in 2006, and he was depressed and hurting because of the loss of his wife, knowing that her killer was still free.

## II. The Magistrate Judge's Report

After review of the pleadings, the magistrate judge issued a report recommending that the petition be dismissed because of the expiration of the statute of limitations. The magistrate judge determined that Rodgers' limitation period began to run on August 1, 2006, when the time to seek certiorari review from the United States Supreme Court elapsed, and expired on August 1, 2007. Rodgers did not show that any state-created impediments prevented him from seeking habeas corpus relief in a timely manner. His state habeas petition was filed over seven years after the limitations period expired and therefore did not revive any of this period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999). The magistrate judge also concluded that Rodgers did not show any valid basis for equitable tolling of the limitations period and failed to set out a credible claim of actual innocence.

## III. Rodgers' Objections

In his objections, Rodgers complains that the magistrate judge did not order the Respondent to answer his claims. He challenges the credentials of the testifying expert and asserts that his having the same attorney at trial and on appeal amounted to a conflict of interest because his attorney, James W. Volberding, was not going to file ineffective assistance of counsel charges against himself. Rodgers further complains that the magistrate judge did not order the state court

to make findings of fact on his state habeas petition and that while it is true that his filing is late, he is presenting many errors and constitutional violation. He states that he is actually innocent and should not be held to the standards of an attorney.

**IV. Discussion**

28 U.S.C. §2243 provides that the judge entertaining an application for the writ of habeas corpus shall award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. The face of the application shows that it is barred by the statute of limitations. No order to answer was necessary and the magistrate judge did not err by not ordering an answer from the Respondent.

Rodgers' challenge to the credentials of the testifying expert and counsel's alleged conflict of interest are barred by limitations. The federal district court lacks authority to order the state court to make findings of fact. See Rhodes v. Keller, 77 F.App'x 261, 2003 U.S. App. LEXIS 20480 (5th Cir. 2003) (district court lacks authority to order the state court to act on petitioner's habeas application); Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997) (mandamus pertition dismissed for lack of authority where the petitioner asked that the federal court order the state supreme court to review his state application on the merits).

Although Rodgers claims he is actually innocent, he offers nothing to support this claim beyond the bare and conclusory assertion that it is so. While a tenable claim of actual innocence may serve as a gateway whereby a petitioner may avoid the operation of the statute of limitations, *see* McQuiggin v. Perkins, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the Supreme Court has stated that tenable actual-innocence gateway pleas are rare; the petitioner must support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial, and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Id., *citing* Schlup v. Delo, 513 U.S.

298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also* House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (emphasizing that the Schlup standard is "demanding" and seldom met).

Rodgers has presented no such new reliable evidence; instead, his claim of actual innocence rests entirely on conclusory allegations, which are wholly insufficient to meet the demanding Schlup standard. Deroven v. Stephens, civil action no. SA-09-CA-162, 2015 U.S. Dist. LEXIS 65436 (W.D.Tex., May 19, 2015) (conclusory recanting affidavit is not sufficient); Hague-Rogers v. United States, civil action no. 3:14cv4198, U.S. Dist. LEXIS 11268 (N.D.Tex., February 1, 2016) (conclusory allegation of actual innocence is not sufficient); *see also* Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983) (bald assertions on a critical issue, unsubstantiated by anything in the record, lack probative evidentiary value). His bare and conclusory claim that he is actually innocent fails to provide any basis for tolling of the statute of limitations. Nor has Rodgers shown any other basis for equitable tolling. His petition for habeas corpus relief is barred by the statute of limitations.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 12) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations. It is further

**ORDERED** that the Petitioner Warren Rodgers is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 4th day of April, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE